[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#180)
The plaintiff instituted the present action against various parties seeking monetary damages for injuries received result of an operative procedure performed in the St. Vincent's Medical Center. One of the claims asserted by the plaintiff is a product liability claim against St. Vincent's Medical Center out of the claimed sale and utilization of certain TSRH pedicle screws ("TSRH hardware") by the defendant St. Vincent's Medical Center to the plaintiff The TSRH hardware was ordered by the operating surgeon and supplied to him by St. Vincent's Medical Center who thereafter billed the plaintiff for the TSRIH hardware. The defendant St. Vincent's Medical Center has now moved for summary judgment asserting that it is not responsible under the product liability act because it provides services and in not engaged in a sale as required under the act.
General Statutes § 52-572m (a) defines a product seller as "[A]ny person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling suchproducts whether the sale is for resale or for use or consumption." (Emphasis supplied). The issue is therefore whether the defendant is a product seller withing the meaning of our statute. Under our statute, once a particular transaction is labeled a service as opposed to a sale of a product it is outside the purview of the product liability statute.Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 403-405 (1987). The court is in agreement with those cases which hold that hospitals are not engaged in the business of selling equipment utilized in operative procedures but rather are engaged in the business of providing medical services, and therefore the defendant is not subject to the product liability act for providing the TSRH hardware. Ferguson v. EBI MedicalSystems. et al, 15 Conn.L.Rptr. No. 394 (Oct. 23, 1995, Hurley, J.);Uzar v. Browne, 13 Conn.L.Trib. 44 (September 22, 1997, Lewis J.);Saccone v. Staub, 12 Conn.L.Trib. 21 (April 10, 1986, Mihalakos, J.); see also Hector v. Cedar-Sinai Medical Center, 180 Cal.App.3d 493
(1986). With respect to the fact that the equipment utilized in the operative procedure was separately billed to the plaintiff, the court agrees with the statement contained in Cafazzo v. Central Medical HealthServices, 542 Pa. 526, 530, 668 A.2d 521 (1995) where the court stated "the thrust of the inquiry is thus not whether a separate consideration is charged for the physical material used in the exercise of medical skill but what service is performed to restore or maintain the patient's health."
Accordingly, the Motion for Summary Judgment as to the Fifth Count is hereby granted as to the defendant St. Vincent's Medical Center.
RUSH, J.